**In re RUFFIN, INC., Debtor.**

**Bankruptcy No. 8000907.**

United States Bankruptcy Court,
D. Rhode Island.

May 7, 1981.

Kathleen Managhan, Newport, R. I., for Newport Preservation Soc.

Norman Davidson, Asst. U. S. Trustee, Boston, Mass.

Alfred Stapleton, Providence, R. I., for debtor in possession.

Tillinghast, Collins & Graham, Providence, R. I., for debtor.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The Debtor operates a well-known restaurant in Newport, Rhode Island, known as the White Horse Tavern. After the filing of this Chapter 11 proceeding on December 1, 1980, the Debtor operated in pos-

session until April 16, 1981, when a hearing was held on the motion of the Lessor, the Newport Preservation Society, to convert the case to Chapter 7 or in the alternative, for the appointment of a Trustee. That hearing was lengthy and went in depth into the reporting shortcomings and failures of the Debtor with respect to its duty to pay Chapter 11 taxes currently. Since the enterprise is viable, and because the busy season is right around the corner, it did not appear that the case should be converted to Chapter 7, and the Newport Preservation Society's request to that effect was denied.

It was apparent from the evidence, however, that this Debtor is in need of close monitoring and strict supervision with respect to its fiscal, bookkeeping, and reporting procedures. At the conclusion of the hearing, and with the unanimous consent of all parties who participated,[1] an order contemplating the appointment of either a restaurant manager or an accountant with restaurant experience as Trustee, was agreed to and entered on April 21, 1981.

On April 27, 1981, this Court was notified that William Humphrey Tucker, the United States Trustee for this District, had appointed an attorney (without restaurant management or accounting experience) as Trustee. In addition, contemporaneous with and in support of said appointment, Mr. Tucker caused to be filed a so-called "Statement of United States Trustee" which recites that:

> In making this appointment, the United States Trustee has considered the sincere opinions of some parties (with whom he has consulted regarding this appointment pursuant to 11 U.S.C. § 151104(c)) that an accountant should be appointed as Reorganization Trustee in this case. Nevertheless, the United States Trustee has appointed Edward Feldstein, Esquire,

an attorney as Reorganization Trustee, because in his judgment, the necessary investigation of the affairs of this debtor can best be accomplished by an experienced bankruptcy attorney such as Mr. Feldstein.

Immediately upon receipt of notice of the action of the United States Trustee, the Court scheduled a conference on April 30, 1981, which was attended by counsel for the Newport Preservation Society, counsel for the Debtor, the Trustee, and the Chairman of the Creditors' Committee. To this Court's knowledge, these are the parties in interest to this proceeding, and with the exception of the Trustee, said parties all represented to the Court, without contradiction, that they had *not* been contacted by the office of the United States Trustee with respect to the appointment of a Trustee. Based on this information, I conclude that the Statement of the United States Trustee is not accurate, and that in making the appointment in question, the United States Trustee has not complied with the requirements of 11 U.S.C. § 151104(c), not withstanding his representation to the contrary.

Highlighting the impropriety of the appointment in question, and in direct contrast to the United States Trustee's assertion that an attorney-trustee will serve to economize,[2] is the first document to be filed by the attorney-trustee on April 28, 1981, which is an application for leave to retain an attorney to represent him as Trustee. At this point, the United States Trustee would have two attorneys in the picture, and still no accountant or restaurant manager. This application is opposed by the Creditors' Committee and will be rendered moot by the effect of this order.

In the opinion of this Court, the appointment of an attorney as Trustee in the present posture of this case is inappropriate,

---

1. In attendance and participating at the hearing were: Kathleen Managhan, Esq., Attorney for the Newport Preservation Society; Norman Davidson, Esq., United States Trustee; and Alfred Stapleton, Esq., Attorney for the Debtor in Possession. Also present, without counsel, was the Chairman of the Creditors' Committee, Albert J. Martin, Jr.

2. "... the administrative costs of this appointment will be the same or less than if an accountant had been appointed." Statement of United States Trustee Regarding Appointment of Trustee.

being neither in the best interest of the Debtor nor the creditors, and requires disapproval pursuant to 11 U.S.C. § 151104(c).[3]

This action is taken on the following grounds: (1) that the United States Trustee has not complied with 11 U.S.C. § 151104(c) regarding consultation with parties in interest, (2) that the order authorizing the appointment of a Trustee was conditional upon and limited to the appointment of either an accountant or a person with restaurant management experience,[4] and (3) that the appointment of an attorney as Trustee does not conform to the need found after hearing evidence and after consultation by the Court with parties in interest.

Furthermore, upon reconsideration and in light of the actions of the United States Trustee as related above, it is ordered that the appointment of Edward Feldstein, Esq. as Trustee is vacated, and the order authorizing the appointment of a Trustee is amended so as to restrict said appointment to a person whose qualifications and expertise are consistent with the findings, conclusions, and guidelines set forth and referred to herein.

---

**3.**     (c) If the court orders the appointment of a trustee or an examiner, if a trustee or an examiner dies or resigns during the case or is removed under section 324 of this title, or if a trustee fails to qualify under section 322 of this title, then the United States trustee, after consultation with parties in interest, shall appoint, *subject to the court's approval,* one disinterested person other than the United States trustee to serve as trustee or examiner, as the case may be, in the case. (emphasis added)

House Report 95–595, 95th Cong. 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, explains that "The United States trustee is required to consult with parties in interest before he selects a trustee. His selection is subject to court approval, in order to insure against bad appointments."

Similarly, 1 Collier on Bankruptcy, ¶ 6.14 states that "The appointment is 'subject to the court's approval' and it is doubtful that the courts will rubber-stamp appointments without scrutiny of the appointee's qualifications and competency."

**4.** Although the signed order authorizing the appointment of a Trustee does not specifically recite the conditional nature of the Court's action, Mr. Davidson of the office of the United States Trustee was addressed directly on this point in chambers on April 16, 1981. In his statement quoted above, Mr. Tucker acknowledges the communication to him of this condition, just prior to his decision to disregard the same.