**In re CARDINAL INDUSTRIES, INC., and Cardinal Industries of Florida, Inc., Debtors.**

**Bankruptcy Nos. 2–89–02778, 2–89–02779.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 12, 1990.

See also, Bkrtcy., 109 B.R. 755.

Joel B. Piassick, Smith, Gambrell & Russell, Atlanta, Ga., for Committee of Unsecured Creditors of Cardinal Industries of Florida, Inc.

John M. Friedman, Jr., Dewey, Ballantine, Bushby, Palmer & Wood, New York City and Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for the Committee of Unsecured Creditors of Cardinal Industries, Inc.

John R. Climaco, Climaco, Climaco, Seminatore, Lefkowitz & Kaplan, Cleveland, Ohio, Special Counsel for debtor.

Fordham E. Huffman, Jones, Day, Reavis & Pogue, Columbus, Ohio, for debtor.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio.

## ORDER UPON REPORT AND APPLICATION OF THE UNITED STATES TRUSTEE FOR AN ORDER APPROVING SELECTION OF TRUSTEE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the Report and Application of the United States Trustee for an Order Approving Selection of Trustee filed January 8, 1990 ("Application"). The Official Committees of Unsecured Creditors of both Debtors opposed the Application and the Debtors filed a responsive pleading thereto. The matter was heard by the Court.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334 and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

■ The provisions of 11 U.S.C. § 1104(c), which govern this proceeding, require the United States Trustee to consult with parties in interest prior to the filing of the Application. Such consultation must be in good faith. *In re Capital Services & Investments, Inc.*, 90 B.R. 382 (Bankr.C.D. Ill.1988). Based upon the evidence and statements of counsel, however, the Court finds that the process employed in these cases was not adequate or appropriate and does not satisfy the requirements of the statute.

■ The Court further finds that the experience and credentials of the proposed appointee, while impressive and commendable in the legal and government community, do not include specialized experience in the private sector with either the operation of real estate properties or manufacturing facilities, or the direction of accounting and financial systems. Such experiences are necessary for the trustee of these bankruptcy estates. Accordingly, the Court must find that the individual proposed is not a candidate which the Court will approve for the position of trustee for these two bankruptcy estates. *See In re Ruffin, Inc.*, 10 B.R. 862 (Bankr.D.R.I.1981).

**380**

Based upon the foregoing the Court finds that the relief requested by the Application should be, and the same is, hereby denied. The United States Trustee is hereby ordered to select another candidate with the background and experience necessary to satisfy the criteria suggested in the Court's order of January 4, 1990.

IT IS SO ORDERED.